UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC., I LIKE TURTLES MUSIC, SONGS MUSIC PUBLISHING, L.L.C. d/b/a SONGS OF SMP, DORROUGH MUSIC PUBLISHING COMPANY, MINDER MUSIC (USA), ULTRA INTERNATIONAL MUSIC PUBLISHING, L.L.C. d/b/a ULTRA TUNES, and GNAT BOOTY MUSIC, | Case No: 17-cv-3227 <br><br> **COMPLAINT FOR VIOLATIONS OF THE COPYRIGHT ACT** <br><br> (17 U.S.C. §§ 101, et seq.) |
| Plaintiffs, | |
| v. | |
| 621 EVENTS, L.L.C., MICHAEL SINENSKY, and SEAN MCGARR, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Plaintiffs, by their undersigned attorneys, allege:

      1.    This is a suit for copyright infringement under Title 17 of the United States Code.

      2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

      3.    Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant 621 Events, L.L.C. ("621 Events") is a limited liability company organized under the laws of the state of New York. The New York Department of State online database lists an address of 150 West 28th Street, Suite 403, New York, New York for 621 Events for purposes of service of process, although it does not list a "Registered Agent" for 621 Events.

6. At all relevant times, 621 Events did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Hudson Terrace, located at 621 West 46th Street, New York, New York 10036.

7. Musical compositions were and are publicly performed at the Hudson Terrace.

8. Defendant Michael Sinensky ("Sinensky") is an individual who resides and/or does business in this District.

9. Defendant Sean McGarr ("McGarr" and, together with Sinensky and 621 Events, the "Defendants") is an individual who does business in this District.

10. At all times hereinafter mentioned, Sinensky and McGarr were, and still are, managing members, principals, directors, and/or owners of 621 Events.

11. At all times hereinafter mentioned, Sinensky and McGarr were, and still are, responsible for the control, management, operation and maintenance of the affairs of 621 Events.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

12. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Hudson Terrace, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

13. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Hudson Terrace.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

14. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 600,000 songwriter, composer, and music publisher members.

15. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

16. On May 15, 2010, 621 Events entered into a license agreement with ASCAP for Hudson Terrace (the "Hudson Terrace ASCAP License").

17. 621 Events, however, failed to pay license fees as required by the Hudson Terrace ASCAP License. As a result of non-payment, ASCAP terminated the Hudson Terrace ASCAP License on written notice, effective as of May 15, 2016.

18. Since May 15, 2016, ASCAP has attempted to contact the Defendants, their representatives, agents, or employees, on numerous occasions to offer to reinstate the Hudson Terrace ASCAP License, upon payment of outstanding fees owed to ASCAP.

19. Defendants have refused all of ASCAP's offers to reinstate the Hudson Terrace ASCAP License.

3

20. ASCAP's various communications, offering to reinstate the Hudson Terrace ASCAP License gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Hudson Terrace constitute copyright infringement.

21. Despite repeated reminders of their liability under the United States Copyright Law, Defendants have continued to publicly perform copyrighted musical compositions of ASCAP's members at Hudson Terrace, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

22. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

23. The original musical compositions listed in Column 3 were published on the dates stated in Column 5, and since their respective dates of registration have been printed and published in strict conformity with Title 17 of the United States Code.

24. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

25. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Hudson Terrace, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

26. The public performances at Hudson Terrace of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or

otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

27. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

28. The many unauthorized performances at Hudson Terrace include the performances of the three (3) copyrighted musical compositions upon which this action is based.

29. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

30. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Hudson Terrace, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Dated: New York, New York
May 2, 2017

RESPECTFULLY SUBMITTED,

By: _/s/ Jackson P. Wagener___
Richard H. Reimer
Jackson P. Wagener
ASCAP
1900 Broadway
New York, NY 10023
(212) 621-6018 (P)
(212) 787-1381 (F)
rreimer@ascap.com
jwagener@ascap.com

*Attorneys for Plaintiffs*

Schedule A

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringement |
| 1. | UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC.<br><br>I LIKE TURTLES MUSIC<br><br>SONGS MUSIC PUBLISHING, L.L.C. d/b/a SONGS OF SMP | PAPER PLANES | Thomas Pentz<br><br>Mathangi Arulpragasam<br><br>Nicholas Headon<br><br>Michael Jones<br><br>Paul Simonon | August 21, 2007 | PA 1-825-144 | February 17, 2017 |
| 2. | DORROUGH MUSIC PUBLISHING COMPANY<br><br>MINDER MUSIC (USA)<br><br>ULTRA INTERNATIONAL MUSIC PUBLISHING d/b/a ULTRA TUNES | ICE CREAM PAINT JOB | Dorwin Demarcus Dorrough (p/k/a Dorrough)<br><br>Reuben Antonio Proctor | April 7, 2009 | PA 1-741-359 | February 18, 2017 |
| 3. | GNAT BOOTY MUSIC | HEY YA! | Andre Benjamin | September 23, 2003 | PA 1-222-527 | February 18, 2017 |